IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JAMES HOOPER, | § | |
| | § | No. 90, 2019 |
| Plaintiff Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | C.A. No. N15C-08-236 |
| JACQUELINE C. ALTIZER, | § | |
| | § | |
| Defendant Below, | § | |
| Appellee. | § | |

Submitted: July 26, 2019
Decided: September 4, 2019

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

### **O R D E R**

After consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1) The *pro se* appellant, James Hooper, appeals from an order of the Superior Court dated January 31, 2019, denying Hooper's motion to reopen his personal injury case against the appellee, Jacqueline Altizer, which the Superior Court dismissed for failure to prosecute. After careful consideration of the parties' briefs and the record on appeal, we find no merit to the appeal. Thus, we affirm the Superior Court's judgment.

(2) The Superior Court record reflects that in August 2015, Hooper's counsel filed a complaint in the Superior Court asserting claims against Altizer

arising out of an automobile accident. Hooper did not appear for his deposition on April 29, 2016, but his counsel rescheduled the deposition for June 22, 2016. Thus, although Hooper did not attend a properly noticed deposition, his failure to participate in that proceeding did not result in dismissal of his case.

(3) On May 3, 2017, after granting an earlier continuance, the court scheduled the pretrial conference for September 7, 2017, with trial to begin October 9, 2017. On August 29, 2017, Hooper's counsel moved to withdraw as counsel, stating that counsel had made numerous attempts to contact Hooper about the trial but had not received any response from Hooper for more than five months. On September 13, 2017, Hooper submitted a letter in which he recognized that he would be proceeding *pro se* and that trial was scheduled for October 9, 2017, and requesting that the case be moved from New Castle County to Kent County. No action was taken on that letter, but on September 28, 2017, the Superior Court granted Hooper's counsel's motion to withdraw.

(4) On October 9, 2017, the day that trial was set to begin, Hooper did not appear. This was at least the second proceeding at which Hooper's attendance was required, but he had not appeared. Nevertheless, the court changed the proceeding to a scheduling conference and set a new schedule. Thus, Hooper's absence from this proceeding also did not result in dismissal.

2

(5)     Unfortunately, the scheduling order that was issued—which was intended to set a deadline of November 13, 2017 for Hooper's pretrial stipulation and to set the pretrial conference for December 13, 2017—erroneously stated the dates in 2018 instead of 2017.  After Hooper did not submit his pretrial stipulation by November 13, 2017, Altizer's counsel sought dismissal of the action.  Altizer's counsel later discovered the error in the court's order, however, and withdrew the motion.  The court then set a new deadline of January 31, 2018 for Hooper to submit his portion of the pretrial stipulation.  Thus, because of the error in the scheduling order, Hooper's failure to submit the pretrial stipulation by November 13, 2017 was properly excused.  The order setting the January 2018 deadline cautioned Hooper, however, that his failure to file his portion of the pretrial stipulation by January 31, 2018 would result in dismissal of the case upon Altizer's motion.

(6)     Hooper did not file his portion of the pretrial stipulation by January 31, 2018, and Altizer moved for dismissal for failure to prosecute.  The motion was set for hearing on March 1, 2018.  Hooper did not respond and did not appear for the hearing on the motion.  This was at least the third time that Hooper had not appeared for a properly noticed proceeding.  The Superior Court dismissed the action with prejudice for failure to prosecute.

(7)     More than nine months later, on December 13, 2018, Hooper filed a motion to reopen the case.  The Superior Court held a hearing on the motion on

3

January 31, 2019. At the hearing, Hooper argued that, as a *pro se* litigant, he did not understand the proceedings. He also indicated that he would have responded to letters or notices sent by the court but felt that he was not required to respond to notices sent by the defendant's counsel because Hooper did not trust the defendant's counsel. The Superior Court denied the motion to reopen, and Hooper has appealed to this Court.

(8) The duty to diligently prosecute a case falls upon the plaintiff. The Superior Court has discretion, stemming from its inherent power "to manage its own affairs and to achieve the orderly and expeditious disposition of its business," to dismiss an action for failure to prosecute.[1] "Although *pro se* litigants are afforded some leniency in presenting their cases, '[t]here is no different set of rules for *pro se* plaintiffs, and the trial court should not sacrifice the orderly and efficient administration of justice to accommodate the unrepresented plaintiff.'"[2] "Litigants, whether represented by counsel or appearing *pro se*, must diligently prepare their cases for trial or risk dismissal for failure to prosecute."[3] This Court reviews the Superior Court's denial of a motion to reopen for abuse of discretion.[4]

---

[1] *Draper v. Med. Ctr. of Del.*, 767 A.2d 796, 798 (Del. 2001).
[2] *Damiani v. Gill*, 2015 WL 4351507 (Del. July 14, 2015) (quoting *Draper*, 767 A.2d at 799) (alteration in original).
[3] *Draper*, 767 A.2d at 799.
[4] *Tue v. Del. State Police*, 2005 WL 535002 (Del. Feb. 23, 2005).

4

(9)    On appeal, Hooper seems to argue that the error in the scheduling order that the Superior Court issued on October 9, 2017 caused the dismissal.  But Hooper's case was not dismissed for his failure to comply with the dates set forth in that order.  The case was dismissed—and the motion to reopen was denied—because Hooper did not submit the pretrial stipulation by January 31, 2018, after he had a history of other dilatory conduct in the litigation.[5]  Hooper also asserts various arguments relating to a physician's report and the actions of the defendant's counsel and Hooper's former counsel.  These issues were not presented to the Superior Court in the first instance and therefore will not be considered on appeal.[6]  In any event, they provide no basis for reopening the case.  We conclude that the Superior Court did not abuse its discretion by dismissing the action for failure to prosecute or by denying the motion to reopen.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/  James T. Vaughn, Jr.
Justice

---

[5] *Hooper v. Altizer*, C.A. No. N15C-08-236 MMJ, Transcript of Motion Hearing, at 11-14 (Del. Super. Ct. Jan. 31, 2019).

[6] *See* DEL. SUPR. CT. R. 8 ("Only questions fairly presented to the trial court may be presented for review . . . .").